# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Susan R. Whittaker<br>    *Plaintiff*<br><br>v.<br><br>Atlantic Credit & Finance<br>Special Finance Unit III, LLC<br>    *Defendant*<br>Serve:<br>    Gentry Locke Rakes & Moore LLP<br>    10 Franklin Road SE<br>    P.O. Box 40013<br>    Roanoke, VA 24022 | Case No. 3:15-cv-892-GNS |

## COMPLAINT and DEMAND FOR JURY TRIAL

## INTRODUCTION

1.  Atlantic Credit & Finance Special Finance Unit III, LLC ("ACF") served a complaint on Plaintiff Susan Whittaker on January 22, 2016. At the time it was filed, ACF lacked standing to bring suit. These and other acts violate the FDCPA.

## JURISDICTION

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3.  Plaintiff Susan Whittaker is a natural person who resides in Jefferson County, Ky. Ms. Whittaker is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Atlantic Credit & Finance Special Finance Unit III, LLC ("ACF") is a limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. ACF's principal place of business is located at 3353 Orange Ave NE, Roanoke, VA 24012.

5. ACF is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

6. ACF filed suit against Ms. Whittaker (the "State Court Suit") in an attempt to collect on a loan allegedly made by Household Finance Corporation II to Ms. Whittaker.

7. ACF's complaint falsely and misleading alleged that it was the "holder of an account due and owing by the Defendant, and is the assignee of HSBC Consumer Lending (USA), Inc." (A copy of the complaint is attached as an exhibit.)

8. ACF served a copy of the summons and complaint on Ms. Whittaker on January 22, 2015.

9. Ms. Whittaker filed a timely answer denying ACF's allegations.

10. On June 18, 2015, ACF moved for summary judgment.

11. In support of its motion for summary judgment, ACF attached a copy of a Loan Repayment Agreement. (A copy of the Loan Repayment Agreement is attached as an exhibit.)

12. The Loan Repayment Agreement is between Household Finance Corporation II ("HFC") as "Lender" and Susan R. Whittaker as "Borrower."

13. Upon information and belief, the Loan Repayment Agreement concerns a personal loan, the proceeds of which were used solely for personal, family, or household purposes, which makes the HFC loan a "debt" within the meaning of the FDCPA.

14. ACF's summary judgment argued that "[t]his is a simple collection action for the payment of an unpaid balance due."

15. ACF's characterization of its complaint as an action for the payment of an unpaid balance was false and misleading. Rather, ACF's motion for a summary judgment was an attempt to enforce a negotiable instrument.

16. Under Kentucky law a

> "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> **(a)** Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
> **(b)** Is payable on demand or at a definite time; and
>
> **(c)** Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:
>
>> 1. An undertaking or power to give, maintain, or protect collateral to secure payment;
>>
>> 2. An authorization or power to the holder to confess judgment or realize on or dispose of collateral; or
>>
>> 3. A waiver of the benefit of any law intended for the advantage or protection of an obligor.

KRS § 355.3-104 (bolding added).

17. The Loan Repayment Agreement clearly and plainly is a negotiable instrument.

18. The Loan Repayment Agreement is payable to the order of the Lender, which is HFC.

19. The Loan Repayment Agreement is payable at a definite time. The Loan Repayment Agreement sets forth a 60-month schedule of payments.

20. The Loan Repayment Agreement does not contain any undertaking that destroys the negotiability of the note.

21. Because the Loan Repayment Agreement is a negotiable instrument, the instrument has to be indorsed by HFC in order to be enforceable by anyone other than HFC.

22. But The Loan Repayment Agreement is not indorsed either in blank or specifically to ACF.

23. So ACF is not a "holder" of the Loan Repayment Agreement because there is no indorsement on the note.

24. Therefore, ACF has no right to enforce the Loan Repayment Agreement against Ms. Whitaker and had no standing to bring suit against Ms. Whittaker. *Acuff v. Wells Fargo Bank, N.A.*, 460 S.W.3d 335, 336 (Ky. App. 2014).

25. ACF violated multiple sections of the FDCPA by attempting to enforce the unendorsed Loan Repayment Agreement against Ms. Whittaker. ACF could not legally enforce the Agreement and had no standing to bring suit against Ms. Whittaker. Further, ACF falsely misrepresented the status of the HFC debt by claiming that it was a "holder" and falsely misrepresented its action as an action for a collection of a balance due rather than an action to enforce a negotiable instrument.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

26. The above-described actions by Atlantic Credit & Finance Special Finance Unit III, LLC constitute violations of the Fair Debt Collection Practices Act including but not limited to 15

U.S.C. § 1692e and 15 U.S.C. § 1692f and/or one or more subsections of each statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Susan Whittaker requests the Court grant her relief as follows:

a. Award the maximum amount of statutory damages under 15 U.S.C. §1692k;

b. Award Plaintiff actual damages under 15 U.S.C. §1692k for costs, fees, and expenses incurred in defending herself against ACF's State Court Lawsuit.

c. Attorney's fees, litigation expenses and costs under 15 U.S.C. §1692k;

d. A trial by jury; and

e. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com